UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERFOOD, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 12-10825-JLT |
| SELECT VEAL FEEDS, INC., | * |
| | * |
| Defendant. | * |

ORDER

February 19, 2014

TAURO, J.

Presently at issue before this court are Defendant's Bill of Costs [#54] and Plaintiff's request that this court deny those costs in part.

Plaintiff objects to Defendant's request for costs of deposition transcripts that either were not used or were not necessary to Defendant's motion for summary judgment. A party may tax as costs the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."[1] The First Circuit has held that "deposition costs are taxable if they 'are either introduced into evidence or used at trial,' and that '[i]t is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put into evidence or used at the trial.'"[2] In Bergeron v. Cabral, the depositions to which appellants objected were filed with the district court in support of a partially successful motion

---

[1] 28 U.S.C. § 1920(2). Plaintiff, in its response to the Bill of Costs, incorrectly quotes the pre-2008 version of Section 1920(2). See Pl.'s Response Def.'s Bill of Costs, 1 [#55] [hereinafter Pl.'s Response].

[2] Bergeron v. Cabral, 393 Fed. App'x 733, 735 (1st Cir. 2010) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985)) (alteration in original).

for summary judgment.[3] The First Circuit held that the deposition transcripts were therefore "'necessarily obtained for use in the case.'"[4]

Here, Defendant seeks the costs of the deposition transcripts of Fabian Rivera, Nicholas Sharp, Adan Aydin, Brian Friesen, and Jason Medcalf.[5] Defendant filed excerpts from three of these five transcripts (Rivera's, Aydin's, and Medcalf's) as exhibits to its motion for summary judgment.[6] As such, Defendant may recover its costs for these three deposition transcripts, but it may not recover its costs for the deposition transcripts of Sharp and Friesen.

Plaintiff also objects to Defendant's costs of obtaining the rough drafts and original copies of the deposition transcripts of Medcalf and Rivera. Because the rough drafts and original copies of the Medcalf and Rivera depositions were not used as evidence in support of Defendant's motion for summary judgment, those costs are denied.

Defendant may therefore recover $1008.62 for Rivera's deposition, which represents the cost of the certified copy of the deposition ($839.22), the cost of attendance ($140.00), and the cost of the exhibits ($29.40).[7] Defendant may recover $352.80 for Aydin's deposition.[8] Defendant may recover $568.20 for Medcalf's deposition, which represents the cost of the

---

[3] See id.

[4] Id. (quoting 28 U.S.C. § 1920(2)); see id. (explaining that "a deposition's necessity is established if it is 'used in pretrial proceedings, such as on a motion to dismiss or for summary judgment'" (quoting 10 James Wm. Moore's Federal Practice § 54.103[3][c] (3d ed. 1997))); see also Haemonetics Corp. v. Fenwal, Inc., 863 F. Supp. 2d 110, 116–17 (D. Mass. 2012).

[5] Aff. Counsel Supp. Bill Costs Def., 1 [#54-1] [hereinafter Costs Aff.].

[6] The transcript of Rivera's deposition is attached as Exhibit B; the transcript of Medcalf's deposition is attached as Exhibit F; and the transcript of Aydin's deposition is attached as Exhibit J. See Def.'s Mot. Summ. J., Ex. B, F, J [#38].

[7] See Costs Aff., Ex. B [#54-1].

[8] See Costs Aff., Ex. B [#54-1].

certified copy of the deposition ($433.40), the cost of attendance ($125.00), and the cost of the exhibits ($9.80).[9] In total, therefore, Defendant may recover $1929.62 of its deposition costs.

Plaintiff also objects to Defendant's costs related to videotaped depositions of Medcalf, Rivera, and Sharp. A "party seeking to tax the cost of a videotaped deposition must show the necessity of the videotaping and not merely convenience."[10] Defendant has made no such showing here. Further, because this court allows the costs of the transcripts of Medcalf's and Rivera's depositions, the videotaped depositions would constitute copies of already-taxed depositions. And this court has determined that Sharp's deposition is not an allowable cost.[11] The costs of the videotaped depositions, therefore, are denied.

Finally, Plaintiff objects to Defendant's request for costs concerning its pro hac vice admission, arguing that such expense is not listed as a "cost" in 28 U.S.C. § 1920. Many courts have indeed found that pro hac vice fees are not recoverable under Section 1920, while many other courts have awarded the cost of such fees.[12] As such, this court shall follow what seems to be the majority of the decisions within the District of Massachusetts, which do not allow parties to tax pro hac vice costs.[13] This court therefore denies the cost of the pro hac vice application ($100).

---

[9] See Costs Aff., Ex. B [#54-1].

[10] United States v. Davis, 87 F. Supp. 2d 82, 88 (D.R.I. 2000) (citing Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993)); see also Miller v. Nat'l R.R. Passenger Corp., 157 F.R.D. 145, 145–46 (D. Mass. 1994).

[11] See supra.

[12] See, e.g., Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009).

[13] See, e.g., Aly v. Mohegan Council, Boy Scouts of Am., 871 F. Supp. 2d 19, 28 (D. Mass. 2012); Conservation Law Found., Inc. v. Patrick, 767 F. Supp. 2d 244, 258 (D. Mass. 2011); Access 4 All, Inc. v. Delancey Clinton Assocs., L.P., No. 04-12347, 2007 WL 118940, at *4 (D. Mass. Jan. 8, 2007).

Taken together, Defendant's costs shall be assessed as follows:

a. Fees of the Clerk: $350

b. Fees for printed or electronically recorded transcripts: $1929.62

c. Fees for copies[14]: $26.80

After the disallowance of the various unauthorized items from the Bill of Costs, Defendant is entitled to recover $2306.42 of its costs from Plaintiff.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

---

[14] Plaintiff does not dispute this amount. See Pl.'s Response, 5 [#55].